(Decided 21st December, 1869.)

---

THE OAK COTTAGE BUILDING ASSOCIATION, No. 2, *vs.* HENRY W. EASTMAN and WILLIAM F. ROGERS.

*Construction of the Constitution of a Building Association.*

The appellees agreed, on the 18th of June, 1867, to borrow from the appellant $4,800, being $120 a share on forty shares of stock held by them, and to pay in advance nine years' interest thereon, at six per cent., making for interest $2,592, which was deducted from the sum of $4,800, and they received the sum of $2,208, the balance thereof. Proposing to redeem on the 16th of May, 1868, they paid the appellant $2,303.20, that sum being exacted by the Association, which, being alleged to be more than was due, suit was brought to recover the ex-

Oak Cottage Building Association, No. 2, *vs.* Eastman and Rogers.

cess. The constitution of the appellant contained the following provision: "Any member having taken a loan, may obtain a release of his property mortgaged to the Association, by paying back to the Association the difference between the dues he has paid in and the amount borrowed, together with a bonus of eight dollars per share, if returned in the first year of the working of the Association; if the second, six dollars; if the third, five dollars; if the fourth, four dollars; if the fifth, three dollars; and three dollars thereafter, and their proportion of the losses the Association may have sustained during their membership, &c., if returned before the unredeemed shares are worth one hundred and twenty dollars" There was no evidence of any loss sustained by the Association during the membership of the appellees. HELD:

That the proper mode of ascertaining the correct amount to be repaid by the appellees, under the contract, is to deduct the amount of dues paid in, from the amount actually borrowed, and to this add the bonus on forty shares of stock, at eight dollars per share.

APPEAL from the Supreme Bench of Baltimore City.

The facts of the case are sufficiently detailed in the opinion of the Court. The following provisions of the constitution of the appellant, together with the tabular statement, showing the mode in which the Supreme Bench ascertained the amount for which judgment was rendered, will contribute to a proper understanding of the question decided:

Article I, section 3. "Each share to be $120."

Article II, section 3. "Every stockholder to pay twenty-five cents a week."

Section 4. "When a member has obtained a loan, he shall pay at every regular meeting in addition to the dues, the interest on the amount of said loan, the interest in no case to exceed six per cent. Any member may pay his dues and interest in advance."

Article III, section 1. Any member withdrawing, to receive his dues with legal interest thereon, deducting fines and expenses.

Article IV, section 1. Stockholders entitled to loans.

Oak Cottage Building Association, No. 2, *vs.* Eastman and Rogers.

Section 2. Right to borrow nine-tenths of the amount standing to his credit.

Section 3. Mode of lending, thus: "The member who will pay the longest interest in advance for his share, shall be entitled to receive it."

Section 5. Mortgage for loans.

Section 6. If mortgage not given, interest on loan to be paid.

Section 8. On failure to pay dues and interest, property to be sold.

Article V, section 1. "Any member having taken a loan, may obtain a release of his property mortgaged to the Association, by paying back to the Association the difference between the dues he has paid in and the amount borrowed, together with a bonus of eight dollars per share, if returned in the first year of the working of the Association; if the second, six dollars; if the third, five dollars; if the fourth, four dollars; if the fifth, three dollars, and three dollars thereafter, and their proportion of the losses that the Association may have sustained during their membership, &c., if returned before the unredeemed shares are worth one hundred and twenty dollars."

Statement showing the mode by which the Supreme Bench ascertained the amount for which judgment was rendered:

| | |
|---|---:|
| The amount nominally borrowed by the appellees from the Association, | $4,800.00 |
| Discount nine years' interest calculated in advance, | 2,592.00 |
| | $2,208.00 |
| From this deduct the dues paid in, | 500.00 |
| | $1,708.00 |
| Add bonus on forty shares, at $8 per share, | 320.00 |
| Add costs of papers, &c., | 12.80 |
| Amount due on mortgage, | $2,040.80 |
| Amount paid by the plaintiffs, | 2,303.40 |
| Amount overpaid, | $262.40 |

Judgment was entered for the plaintiffs for the amount thus overpaid, and the Association therefrom appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*Samuel Snowden*, for the appellant.

*Edward Otis Hinkley*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The appellees as members of the Building Association, the appellant, borrowed money from it and gave a mortgage in security. Afterwards they availed themselves of the privilege secured to them by the constitution of the company, of redeeming the property mortgaged, by repaying the money due to the Association; and the controversy in this case has arisen in ascertaining the true amount to be paid under the contract. The solution of the question turns upon the construction of the constitution of the company.

The several provisions of the constitution applicable to the case are set out substantially in the appellees' brief, and need not be repeated here.

The mortgage is very similar in its terms to that in the case of *Robertson vs. The American Homestead Association*, 10 *Md.*, 398. But the questions presented in the two cases are not the same. In Robertson's case the rule was stated for ascertaining the sum due upon the mortgage according to its terms, and chargeable upon the proceeds of the property in the event of a sale. In this case the right to redeem is secured to the mortgagors by the articles of the Association, and the terms upon which they may redeem are prescribed by Article 5, section 1, as follows:

" Any member having taken a loan, may obtain a release of his property mortgaged to the Association, by paying back to the Association the difference between

the dues he has paid in and the amount borrowed, together with a bonus of eight dollars per share if returned in the first year of the working of the Association; if the second, six dollars; if the third, five dollars; if the fourth, four dollars; if the fifth, three dollars; and three dollars thereafter; and their proportion of the losses that the Association may have sustained during their membership, &c., if returned before the unredeemed shares are worth one hundred and twenty dollars" (each).

In this case the appellees agreed, on the 18th day of June, 1867, to borrow $4,800, being $120 a share on 40 shares of stock held by them, and to pay in advance nine years' interest thereon at 6 per cent., making for interest $2,592, which was deducted from the sum of $4,800, and they actually received the sum of $2,208, the balance thereof. Proposing to redeem on the 16th day of May, 1868, they paid the appellant $2,303.20, that sum being exacted by the company; which being alleged to be more than was due, this suit was instituted to recover the excess. By agreement all objection to the suit on the ground that the payment was voluntary has been expressly waived; the intent being as stated at the bar, that the rights of the parties shall be decided without regard to any question of voluntary payment by the appellees.

The sum claimed by the company and paid by the appellees was ascertained as follows:

| | |
|---|---:|
| Sum borrowed, . . . . . . . . . | $4,800.00 |
| Less interest eight years, one month, two days (rebated), . . . . . . . . . . | 2,329.60 |
| | $2,470.40 |
| Add bonus on forty shares at $8, . . . . | 320.00 |
| | $2,790.40 |
| Deduct dues paid in, fifty weeks at $10, . . | 500.00 |
| | $2,290.40 |
| Add proportion of expenses, . . . . . . | 12.80 |
| | $2,303.20 |

By this mode of calculation it is apparent the Company would receive the interest on the whole sum of $4,800, for the time which elapsed between the time of the loan, and the time of redemption, eleven months, less two days, amounting to $262.40, in addition to the *bonus* of $8 per share on 40 shares, amounting to $320, and making in all $582.40 for interest and *bonus*, for the use of $2,208 for eleven months. Such a ruinous rate of interest can hardly have been within the intention of the parties. There is nothing in the rule established in Robertson's case above cited, to sanction such a method of calculation, and, in our judgment, it is not in accordance with the rule prescribed by the articles of the Association. The terms therein prescribed for the redemption of property mortgaged, is *to pay back* to the *Association the difference between the dues that have been paid in and the amount borrowed, together with a bonus of $8 per share, if returned in the first year of the working of the Association;* to this is added "their proportion of the losses that the Association may have sustained during their membership.". In this case there is no evidence of any such losses. So that the rule laid down is a very simple one: to deduct the amount of dues paid in, from the *amount borrowed*, and to add the *bonus;* this ascertains the amount to be paid. What is the meaning of "the *amount* borrowed," as here used? It cannot mean the whole amount of the estimated value of the shares, which in this case would be $4,800. This is not contended for by the appellant; for by its own estimate the interest thereon which has been paid or retained, is to be rebated, for the period elapsing between the time of redemption and the expiration of the nine years. But the articles of the Association say nothing about any rebate of interest. If a calculation of interest is to be made upon any just or equitable principle, there is surely no reason why interest should be counted on the whole sum of $4,800 for eleven months, when the appellees, in

fact, received from the Company and retained for that period only $2,208. This was the sum actually borrowed in this case, which is to be repaid, deducting therefrom the amount of dues paid in, and adding thereto the *bonus* of $8 a share, which is intended to be in lieu of interest, and possible future losses.

This is the method of calculation adopted by the Supreme Bench in this case, and in our judgment, it is correct and according to the true intent and meaning of the articles of association.

*Judgment affirmed.*

(*Decided 21st December, 1869.*)